**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3043-18T1

CENTRAL JERSEY
PROPERTIES, LLC,

      Plaintiff-Appellant,

v.

PENG SHANG,

      Defendant/Third Party
      Plaintiff-Respondent,

and

XIN CAO,

      Defendant,

v.

DIEGO LOMBARDO,

      Third-Party Defendant/
      Appellant.

_____

Submitted November 30, 2020 – Decided January 28, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-017055-18.

Antonio J. Toto, attorney for appellants.

Peng Shang, respondent pro se.

PER CURIAM

Plaintiff Central Jersey Properties, LLC (Central Jersey) and third-party defendant Diego Lombardo appeal from the March 4, 2019 judgment of the Special Civil Part awarding defendant/third-party plaintiff Peng Shang $3153.12 in this residential lease dispute. We affirm.

I.

The following facts are derived from the record. Central Jersey owns a residential unit in Somerset County. Lombardo is the principal of Central Jersey. On July 18, 2017, Central Jersey leased the unit to Shang for a one-year term beginning August 17, 2017.[1] Shang agreed to pay monthly rent of $1625 and gave Central Jersey a security deposit of $2512.

---

[1] The lease also lists Xin Cao, Shang's spouse, as a tenant. Although Cao is named as a defendant in the complaint, the judgment was entered in favor of Shang only.

A-3043-18T1

On or about December 13, 2018, Central Jersey filed a complaint in the Special Civil Part alleging Shang vacated the unit prior to the end of the lease. Central Jersey sought four months of unpaid rent and damages to cover the cost of repairs to the unit totaling $10,082.

Shang filed an answer and counterclaim naming Lombardo as a third-party defendant. He alleged that "unpaid rent does not exist" and that the alleged damages were "overpriced and should not exist." Shang also demanded $6000, plus interest, costs, and attorney's fees for Central Jersey and Lombardo's failure to return the security deposit.

After trial, the court found as follows. Shang vacated the unit in April 2018. Prior to his departure, Shang notified Lombardo that his co-worker was willing to assume the lease and pay the remaining four months of rent. Lombardo informed Shang that he would accept his co-worker as a tenant only if the co-worker was willing to sign a one-year lease with a monthly rent of $1875. The co-worker declined that offer. Lombardo's subsequent efforts to let the unit for the remainder of the lease term were unsuccessful.

The court found Lombardo's refusal to accept the replacement tenant was unreasonable and that his demand for a new one-year lease with a higher rent constituted a failure on his part to mitigate damages. The court reasoned that in

3

the absence of any evidence that the replacement tenant was unfit or financially unable to pay the rent on the remaining four months of Shang's lease, Lombardo had an obligation to accept the replacement tenant.

The court, therefore, concluded Shang was not responsible for the four months of rent due after he vacated the unit. The court determined Lombardo unreasonably withheld Shang's security deposit, entitling Shang to double the amount of the deposit in damages, minus the cost of necessary repairs. See N.J.S.A. 46:8-21.1.

The court found credible Lombardo's testimony with respect to the cost of repairing damages to the unit. The court concluded that the damages were caused by Shang and that Lombardo had established that the $987.94 he spent on repairs was reasonable.

To calculate damages, the court deducted $987.94 from Shang's security deposit to arrive at $1524.06 ($2512 - $987.94 = $1524.06). The court doubled that amount to arrive at damages of $3048.12. The court also awarded Shang $105 in costs, and denied his request for attorney's fees because he was not represented by an attorney.

On March 4, 2019, the court entered a judgment dismissing Central Jersey's complaint and awarding Shang $3153.12 in damages ($3048.12 + $105

= $3153.12). The court found the corporate veil was pierced and Lombardo was personally liable for the damages. See State, Dept. of Envt'l Protection v. Ventron Corp., 94 N.J. 473, 500 (1983).

This appeal followed. Central Jersey and Lombardo raise the following arguments for our consideration.

> POINT I
>
> THE PLAINTIFF PROPERLY MITIGATED HIS DAMAGES.
>
> POINT II
>
> THE COURT SHOULD NOT HAVE DOUBLED THE SECURITY DEPOSIT AS THE DEFENDANTS TOLD THE PLAINTIFF TO USE THE SECURITY DEPOSIT AS A SET-OFF.

## II.

Our scope of review of the judge's findings in this nonjury trial is limited. We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v.

A-3043-18T1

Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

The record contains ample support for the trial court's conclusion that Central Jersey, through Lombardo, failed to fulfill its obligation to mitigate damages after Shang vacated the unit.  See Sommer v. Kridel, 74 N.J. 446, 457 (1977) ("A landlord has a duty to mitigate damages where he seeks to recover rents due from a defaulting tenant.").  We agree that Lombardo did not use "reasonable diligence in attempting to relet the premises," ibid., when he rejected Shang's offer to have a co-worker assume the remaining four months of the lease.

In addition, there is substantial, credible evidence in the record supporting the trial court's findings with respect to the repairs made to the unit after Shang's departure.  So too does the record support the trial court's conclusion that Lombardo wrongfully withheld Shang's security deposit, given the landlord's failure to mitigate damages, entitling Shang to double the amount of the deposit, less charges for the costs of repair to the unit.  See N.J.S.A. 46:8-21.1.  The landlord's argument that the security deposit should not be returned because

6

Shang authorized its use to offset the April 2018 rent is unavailing. The trial court reasonably concluded Shang was not responsible for rent for the four months that the unit was empty because Central Properties failed to mitigate its damages by not accepting the replacement tenant offered by Shang.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3043-18T1